UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DOROTHY BISSON,

                Plaintiff,

                **OPINION AND ORDER**
- against -                06-CV-6682 (SJF) (WDW)

MARTIN LUTHER KING JR. HEALTH
CLINIC, GOOD SAMARITAN HOSPITAL
MAMMOGRAM AND BREAST DIAGNOSTICS,
NASSAU SUFFOLK COUNTY OB/GYN-REBECCA
BEZALEL, M.D.,

                Defendant.

----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On December 19, 2006, *pro se* plaintiff Dorothy Bisson ("Plaintiff"), a resident of the State of Florida, commenced this action alleging, *inter alia*, medical malpractice. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendant Good Samaritan Hospital ("Defendant") has moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff has filed an affidavit in opposition. For the reasons set forth below, Defendant's motion is denied.

II.    Analysis

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.

1

A., 534 U.S. 506, 514 (2002).  However, "[a] motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  In re European Rail Pass Antitrust Litig., 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001) (citations and internal quotation marks omitted).  Accordingly, a motion for a more definite statement is only appropriate if the complaint does not provide a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure.  See Home & Nature Inc. v. Sherman Speciality Co., Inc., 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).  Further, "[m]otions for a more definite statement are generally disfavored because of their dilatory effect.  The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings."  In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Lit., No. MASTER FILE 1:00-189, MDL 1358, M21-88, 2005 WL 1500893, at *2 (S.D.N.Y. Jun. 24, 2005) (footnotes and internal quotation marks omitted).

Defendant requests that the Court direct Plaintiff to file a complaint containing a more definite statement of the facts, allegations, and causes of action she asserts.  Plaintiff filed an affidavit in opposition in response to Defendant's motion.  In her affidavit, Plaintiff sets forth the factual basis for her claims against Defendant and enumerates the "reasons and charges" she is "suing for."

In light of Plaintiff's *pro se* status, as well as the fact that this litigation is in its infancy and that Plaintiff has attempted to address Defendant's concerns, the Court will construe Plaintiff's affidavit in opposition as an amendment to her original complaint.  The Court finds that Plaintiff's complaint, as deemed amended, is now sufficient to give Defendant fair notice of

2

the claims against it. Therefore, Defendant's motion for a more definite statement is denied as moot.

III.     Conclusion

Accordingly, Defendant's motion for a more definite statement is DENIED.

IT IS SO ORDERED.

S/sjf
Sandra J. Feuerstein
United States District Judge

Dated: May 11, 2007
       Central Islip, New York

Copies to:

Dorothy Bisson, *pro se*
PO Box 410716
Melbourne, FL 32941-716

Michelle C. Soricelli
Fumuso, Kelly, DeVerna, Snyder, Swart & Farrell, LLP
110 Marcus Boulevard
Suite 500
Hauppauge, NY 11788